**GEORGAKOPOULOS et al., Appellants,**

v.

**CENTURY SURETY COMPANY, Appellee.**

[Cite as *Georgakopoulos v. Century Surety Co.* (1990), 67 Ohio App.3d 618.]

Court of Appeals of Ohio,
Lucas County.

No. L–89–124.

Decided May 11, 1990.

*Steven J. Papadimos,* for appellants.

*Keith J. Watkins,* for appellee.

ABOOD, Judge.

This is an appeal from a decision of the Lucas County Court of Common Pleas which granted defendant-appellee Century Surety's motion for summary judgment and entered declaratory judgment in its favor against plaintiffs-appellants and denied plaintiffs-appellants' cross-motion for summary judgment. Appellants have appealed, setting forth three assignments of error:

"I. The trial court erred, in failing to hold, that in the absence of an alienation clause, the transfer of a business from individual owners to a corporate owner, without the insurer's approval, does not preclude coverage where said individuals did not divest their entire interest in the property. The trial court further erred in holding that the designation of insured in the declarations of the policy was the sole determining factor of who had an insurable interest in the property.

"II. The trial court erred in finding that the policy provisions upon which defendant-insurer based its refusal to afford coverage was not ambiguous or uncertain.

"III. The trial court erred in granting summary judgment for defendant-appellee insurer as genuine issues of material of [*sic*] fact existed mandating a full hearing on the merits."

The undisputed facts giving rise to this appeal are as follows. On October 4, 1986, appellee issued liability insurance policy No. L110–9420 to appellants, John and Dena Georgakopoulos, d.b.a. the Den Lounge. The policy was for the period of October 4, 1986 to October 4, 1987. On May 20, 1987, the Den Lounge incorporated under the name 128 Main Street, Inc. John and Dena Georgakopoulos were fifty percent joint shareholders and John G. Stratidakis and Kostas Stratidakis were each twenty-five percent shareholders in the corporation. On September 1, 1987, a suit was filed by plaintiffs David and Jackie Revilla in the Lucas County Court of Common Pleas, case No. 87–2713, against John Stratidakis individually and as an agent of the Den Lounge. The complaint alleged that on July 13, 1987, at the Den Lounge, David Revilla had been attacked, assaulted and beaten by three unknown patrons and that the owner had negligently failed to remove these individuals from the premises. The complaint also alleged that John Stratidakis had participated in the assault. On September 29, 1987, John Stratidakis filed a motion to dismiss pursuant to Civ.R. 12(B)(6), arguing that the Den Lounge was a corporation

and, therefore, an individual shareholder could not be liable for the tort of the corporation. On November 30, 1987, the trial court dismissed the complaint. On December 4, 1987, the plaintiffs filed a motion for reconsideration and to amend the complaint naming the corporation as a defendant. Both motions were granted and the case was then voluntarily dismissed pursuant to Civ.R. 41. On May 25, 1988, David and Jackie Revilla refiled suit naming as defendants John G. Stratidakis, individually and as agent of the Den Lounge, John and Dena Georgakopoulos, individually and as agents of 128 Main Street, Inc., and 128 Main Street, Inc.

Upon receipt of the original suit appellants had notified appellee of the claim against them. Appellee, through its manager, John Wilcox, denied that the policy afforded coverage for the claims set forth in the lawsuit and on September 19, 1988, appellants filed a complaint for declaratory judgment seeking a determination of their rights and liabilities under the insurance policy issued by appellee.

Appellee answered and on January 6, 1989, filed a motion for summary judgment asserting that there were no genuine issues of material fact and that they were entitled to judgment as a matter of law. In support of its motion for summary judgment, appellee argued essentially that the policy designated as insureds John and Dena Georgakopoulos, d.b.a. the Den Lounge, as individuals and that the policy provided for coverage to individuals only with respect to the conduct of a sole proprietorship. At the time of the occurrence giving rise to the Revillas' lawsuit, however, the Den Lounge was no longer owned and operated by a sole proprietorship but rather by a corporation and, therefore, none of the appellants, including John and Dena Georgakopoulos, was insured pursuant to the terms of the policy.

On January 23, 1989, appellants filed their own motion for summary judgment and memorandum in opposition to appellee's motion for summary judgment. In support of their motion for summary judgment, appellants argued that, absent an alienation clause in the insurance policy, the transfer of the business from individual to corporate ownership without the insurance company's approval did not preclude coverage where the individual was not divested entirely of his ownership in the business. Appellants also argued that the insurance policy provided no exclusions of coverage as to corporations but only to situations involving partnerships or joint ventures, that the exclusionary language used in the policy was ambiguous and that the policy must, therefore, be construed in favor of the insured and the court should enter judgment construing those provisions so as to include appellants within the scope of coverage. In opposition to appellee's motion for summary judgment, appellants argued that notice of incorporation was given by tele-

phone to appellee on or about May 27, 1987, through Evelyn Lavoy, an employee of the underwriting agent of the disputed policy, and, therefore, a genuine issue of fact was raised that warranted submission of the issue of coverage to a jury.

On March 20, 1989, the trial court filed its opinion and judgment entry which granted appellee's motion for summary judgment and denied appellants' motion for summary judgment. In its decision the trial court found that the insurance policy was not ambiguous or uncertain and that the policy clearly provided that notice to an insurance agent would not effect a change in the policy unless the change in terms was signed by a duly authorized representative. The court stated that there was no evidence before it that this requirement had been met. The trial court also found that appellants' assertion that a change of ownership does not void the policy when the insureds retain a significant interest in the property was not applicable to the facts of this case.

The trial court held, therefore, that:

" * * * [T]he insurance coverage provided by Century Surety was to John and Dena Georgakopoulos d/b/a The Den Lounge and extended only to the conduct of a sole proprietorship. As the business was incorporated before the Revilla incident, operation of the Den Lounge is not within the policy coverage and thus, plaintiffs are not insured under the policy. Therefore, defendant Century Surety is entitled to judgment as a matter of law."

On March 27, 1989, appellants filed a motion for reconsideration, which the trial court denied. On April 13, 1989, appellants filed their notice of appeal from the judgment entry of March 20, 1989.

This court will consider appellants' first and second assignments of error together.

In support of their first assignment of error, appellants argue that the record demonstrates that John and Dena Georgakopoulos did not part with or alienate their entire interest in the insured property but retained fifty percent ownership of the stock in the corporation and, therefore, in the absence of a alienation clause in the insurance policy, it remained in full force and effect and all four appellants should be treated as insureds. Appellants argue further that the trial court in denying coverage did not construe the insurance policy in its entirety but instead relied only upon the declarations of the policy as a sole determining factor.

In support of their second assignment of error, appellants argue that the only exclusionary language in the policy excluded coverage for damage

arising out of the conduct of a partnership or joint venture and did not mention corporations. Appellants contend that the language used in the exclusion is ambiguous and does not set forth with specificity exactly what appellee asserts is excluded and, therefore, pursuant to Ohio law, the contract of insurance should be liberally construed in appellants' favor. Finally, appellants argue that in determining the plain meaning of the insurance contract, the court should read the contract as a whole and not as isolated parts, and that when reviewing the entire policy in this case it is clear that a policy holder could reasonably conclude that he could transfer his interest in the insured properties, and that as long as he did not operate his business as a partnership or joint venture he would remain insured.

The arguments set forth in these two assignments of error attempt to raise questions as to the construction and interpretation of the insurance policy issued by appellee.

"The interpretation and construction of insurance documents is a matter of law to be determined by the court using rules of construction and interpretation applicable to contracts generally." (Citations omitted.) *Value City, Inc. v. Integrity Ins. Co.* (1986), 30 Ohio App.3d 274, 276, 30 OBR 472, 474, 508 N.E.2d 184, 186.

In *Burris v. Grange Mut. Cos.* (1989), 46 Ohio St.3d 84, 89, 545 N.E.2d 83, 88, the Supreme Court of Ohio in discussing the interpretation of insurance policies stated:

"The fundamental goal in insurance policy interpretation is to ascertain the intent of the parties from a reading of the contract in its entirety, and to settle upon a reasonable interpretation of any disputed terms in a manner calculated to give the agreement its intended effect. 'The meaning of a contract is to be gathered from a consideration of all its parts, and no provision is to be wholly disregarded as inconsistent with other provisions unless no other reasonable construction is possible.' " (Citations omitted.)

The *Burris* court went on to state that the terms of an insurance policy must be given their plain and ordinary meaning and only where the policy is ambiguous and susceptible to more than one meaning must the policy be liberally construed in favor of those seeking coverage. *Id.* Therefore, where the language of an insurance policy is clear and unambiguous, it is unnecessary and impermissible for a court to resort to construction of that language. *Tomlinson v. Skolnik* (1989), 44 Ohio St.3d 11, 12, 540 N.E.2d 716, 717; see, also, *Karabin v. State Auto. Mut. Ins. Co.* (1989), 10 Ohio St.3d 163, 167, 10 OBR 497, 502, 462 N.E.2d 403, 407.

■ The policy issued by appellee, in its definitions section, defines an "insured" as:

" * * * any person or organization qualifying as an insured in the 'Persons Insured' provision of the applicable insurance coverage. The insurance afforded applies separately to each insured against whom claim is made or suit is brought, except with respect to the limits of the company's liability."

The declarations page of the policy issued by appellee provides:

"II. PERSONS INSURED

"Each of the following is an *insured* under this insurance to the extent set forth below.

"(a) if the *named insured* is designated in the declarations as an individual, the person so designated but only with respect to the conduct of a business of which he is the sole proprietor, and the spouse of the *named insured* with respect to the conduct of such a business;

"(b) if the *named insured* is designated in the declarations as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof but only with respect to his liability as such;

"(c) if the *named insured* is designated in the declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such;

"(d) any person (other than an employee of the *named insured*) or organization while acting as real estate manager for the *named insured*." (Emphasis *sic.*)

The exclusionary language contained on the declarations page, cited by appellants as being ambiguous, states:

"This insurance does not apply to *bodily injury* or property damage arising out of the conduct of any partnership or joint venture of which the *Insured* is a partner or member and which is not designated in this policy as a *named insured*." (Emphasis *sic.*)

The policy further provides in the section designated as conditions:

"12. *Declarations.* By acceptance of this policy, the *named insured* agrees that the statements in the declarations are his agreements and representations. That this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between

himself and the company or any of its agents relating to this insurance." (Emphasis *sic.*)

■ When reviewing the above provisions in the context of the entire policy and the law as set forth above, this court finds that the provisions of the policy are clear and unambiguous and that the only logical interpretation of these provisions is that appellants, John and Dena Georgakopoulos, were covered under the terms of the policy only as individuals and only while they were conducting business at the Den Lounge as a sole proprietorship. As to appellants' arguments concerning the lack of an alienation clause in the policy, we agree with the trial court that these arguments are without merit and that the cases cited in support of these arguments by appellants are distinguishable and not applicable to the facts herein. Accordingly, appellants' first and second assignments of error are found not well taken.

■ In support of their third assignment of error, appellants assert that genuine issues of material fact exist thereby precluding summary judgment for appellee. Specifically, appellants argue that affidavits submitted by them to the trial court indicate that notice was given by telephone to appellee on May 27, 1987, through Evelyn Lavoy, an employee of the underwriting agent of the policy, that the Georgakopolouses had incorporated their business and that Lavoy indicated that said incorporation would be noted and coverage provided. Appellants submit that the trial court failed to give proper consideration to these affidavits and disregarded the issues of fact raised thereby.

As to this issue, the trial court stated in its decision that:

"Although plaintiffs contend that they informed an employee of Century Surety's underwriting agent of the change in ownership and that the employee indicated that all the plaintiffs would be listed as insured, the agreement expressly states that notice to an agent shall not affect a change in the policy unless the change in terms is signed by a duly authorized representative. See Condition 8. There is no evidence that any Century Surety representative signed an endorsement noting the change in ownership."

Civ.R. 56(E) provides in pertinent part:

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations as denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."

Appellants submit that the affidavits raised a genuine issue of fact as to whether or not the oral notice given to an employee of appellee was sufficient

to effect a change in coverage to reflect the incorporation and the additional insureds.

Condition 8 of the insurance policy provides:

"*Changes.* Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver of a change in any part of this policy or estop the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy, signed by a duly authorized representative of the company."

This section of the insurance policy clearly and unambiguously provides that any modification of coverage of the policy can only be effected by written endorsement issued by a authorized representative of appellee. Although appellants did present evidence as to oral notification of the change in their status, there was no evidence presented by appellants of any written endorsement issued modifying the original policy provisions. Accordingly, we find that the evidence submitted by appellants to the trial court in opposition to appellee's motion for summary judgment was not sufficient to demonstrate that a genuine issue of material fact remained as to coverage and that the trial court, therefore, did not err in granting appellee summary judgment. Accordingly, appellants' third assignment of error is found not well taken.

On consideration whereof this court finds that substantial justice has been done the parties complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs assessed to appellants.

*Judgment affirmed.*

HANDWORK, P.J., concurs.

Prior to his death, Judge JOHN J. CONNORS, JR. participated in the decision-making process of this case.