UTICA FIRE INSURANCE COMPANY, Appellee,

v.

TESCHNER'S TAVERN, Appellant.

[Cite as *Utica Fire Ins. Co. v. Teschner's Tavern* (1995), 101 Ohio App.3d 635.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 66942.

Decided March 9, 1995.

*Ulmer & Berne* and *Edwin J. Hollern; Thomas G. Longo, Joseph D. Russo* and *Barry M. Ward,* for appellee.

*Kuepper, Walker, Hawkins & Chulik* and *Judson J. Hawkins,* for appellant.

---

PATTON, Chief Judge.

Defendant-appellant Teschner's Tavern appeals from the trial court's decision to grant the motion for summary judgment of intervening third-party defendant-appellee, Utica Fire Insurance Company.

This matter arose from a fight which occurred at appellant's tavern located in Richfield, Ohio. Plaintiff Michael Mickey was injured after being struck in the head by a cue stick swung by defendant Stephen Weber. Both Mickey and Weber were patrons of appellant's tavern at the time of the fight. Weber admitted that he hit Mickey over the head with a cue stick.

Mickey filed a complaint against appellant seeking money damages for the personal injuries inflicted upon him by Weber during the fight. The complaint alleged that appellant was negligent for failing to warn him of a dangerous situation and that it was negligent for failing to prevent the fight. Mickey also alleged statutory and common-law dram shop violations against appellant.

At the time of the fight appellant was insured by appellee. The "Special Multi–Peril Policy" provided coverage for bodily injury liability where said bodily injury is caused by an occurrence and arises out of the ownership, maintenance or use of the insured premises. However, there was an exclusion under the "Forcible Ejection and Physical Violence" section which provided:

"It is further agreed that this policy shall not apply with respect to injury to persons or property arising out of physical violence inflicted by the insured, his employees, patrons, guests or invitees."

It is undisputed that Weber and Mickey were patrons of appellant's tavern at the time of the fight.

Appellant sets forth three assignments of error which will be considered together. They state respectively:

"I. Where there are two definitions of exclusion clauses, one which denies coverage and one which extends coverage, the insured is entitled to the benefit of the definition extending coverage.

"II. Where an insurer agrees to defend against 'any suit even if any of the allegations of the suit are groundless, false or fraudulent' the insurer must extend a defense where the allegations of the complaint brings the action within the coverage provisions of the policy.

"III.  The trial court erred when it found the insurance coverage for appellant was excluded as a matter of law."

Appellant maintains that the trial court erred when it granted appellee's motion for summary judgment for several reasons: (a) under the bodily injury liability section appellee owes a defense to appellant; (b) Weber's striking Mickey over the head with a pool cue was in self-defense and therefore not an act of violence; (c) the policy states that appellee will provide a defense for "any suit * * * even if any of the allegations of the suit are groundless, false or fraudulent"; and (d) appellee has not proven that the exclusion for injuries which result from physical violence applies to the special multiperil insurance policy.

Under appellant's insurance policy there is a bodily injury liability section which states:

"1.  the company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence, and arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental to the premises of the named insured conducted at or from the insured premises, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent * * *."

The above section is premised on the words "to which this insurance applies." It is clear from the policy that the physical violence exclusion would exclude the bodily injuries suffered by Mickey.

After a thorough reading of the entire policy it is clear that the exclusion for injuries which result from physical violence applies to the entire policy, not just specific sections as appellant maintains.

Appellant mistakenly relies on *Preferred Risk Ins. Co. v. Gill* (1987), 30 Ohio St.3d 108, 30 OBR 424, 507 N.E.2d 1118, and *Physicians Ins. Co. v. Swanson* (1991), 58 Ohio St.3d 189, 569 N.E.2d 906, which both held that in order to avoid coverage on the basis of an exclusion for expected or intentional injuries, the insurer must demonstrate that the injury itself was expected or intended.  In the present case, the exclusion section is for acts of physical violence, not for expected or intentional injuries.  Therefore, the intentions of Weber are immaterial.

Next, we must address the definition of "physical violence," which was not defined in the insurance contract.  The Ohio Supreme Court has held:

"[I]n reviewing an insurance policy, words and phrases used therein, 'must be given their natural and commonly accepted meaning, where they in fact possess such meaning, to the end that a reasonable interpretation of the insurance contract consistent with the apparent object and plain intent of the parties may be determined. * * *' " *Tomlinson v. Skolnik* (1989), 44 Ohio St.3d 11, 12, 540 N.E.2d 716, 717, citing *Gomolka v. State Auto. Mut. Ins. Co.* (1982), 70 Ohio St.2d 166, 167–168, 24 O.O.3d 274, 275–276, 436 N.E.2d 1347, 1348–1349.

Appellant would like this court to use Black's Law Dictionary to define "violence." However, we believe that the natural and commonly accepted definition of "violence" is contained in Webster's New Collegiate Dictionary (1976) 1305, which states: "exertion of physical force so as to injure or abuse * * *." It is undisputed that Weber's exertion of physical force injured Mickey.

■ Moreover, Weber never pled self-defense as the appellant claims. In a criminal proceeding arising from these events, Weber pled no contest to felonious assault in violation of R.C. 2903.11. It is not a stretch of any contractual definition of "physical violence" to include felonious assault. Accordingly, appellant's contention that Weber's act of striking Mickey over the head with a pool cue is not an act of violence is without merit.

■■ It is axiomatic that a motion for summary judgment shall only be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Summary judgment shall not be granted unless it appears from the evidence that reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion is made. In reviewing a motion for summary judgment, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267.

Moreover, upon motion for summary judgment pursuant to Civ.R. 56, the burden of establishing that material facts are not in dispute, and that no genuine issue of fact exists, is on the party moving for summary judgment. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47. However, in that Civ.R. 56(E) requires that a party set forth specific facts showing that there is a genuine issue for trial, such party must so perform if he is to avoid summary judgment. *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489, at paragraph seven of the syllabus.

■ Viewing the underlying facts in a light most favorable to the appellant we conclude there does not exist a genuine issue of material fact. In the present case the physical violence exclusion clause of the policy explicitly states that "this policy shall not apply with respect to injury to persons or property arising out of

physical violence inflicted by the insured, his employees, patrons, guest or invitees." Accordingly, summary judgment was properly granted.

*Judgment affirmed.*

NAHRA and O'DONNELL, JJ., concur.