OPINION
Appellant, Charles Jones, appeals from a summary judgment by the Lake County Court of Common Pleas, granted in favor of appellee, USAA Insurance Company ("USAA").
On January 19, 1992, Sandra Jones, appellant's wife, sustained serious injury when an automobile operated by Jennifer Iorio struck her while she was standing in the parking lot of a Bernie Schulman's store located at the intersection of Mentor Avenue and Route 306 in Mentor, Ohio. At the time of the accident, Ms. Iorio was insured under a policy issued by USAA providing liability coverage in the amount of $100,000 per person and $200,000 per accident. Mrs. Jones filed a claim against Ms. Iorio for the injuries she sustained in the accident, and appellant filed a derivative claim for loss of consortium and loss of services. USAA, on behalf of Ms. Iorio, paid Mrs. Jones $100,000 but denied appellant's claim. USAA obtained a full and final release from Sandra Jones; however, appellant did not sign a release.
On February 12, 1997, appellant filed a complaint for declaratory judgment in the Cuyahoga County Court of Common Pleas. Due to improper venue, the case was transferred to the Lake County Court of Common Pleas. On June 15, 1998, USAA filed a motion for summary judgment. In its motion, USAA argued that its policy only covers damages for bodily injury and appellant's claim is not covered because loss of consortium does not constitute bodily injury. USAA further argued that even if loss of consortium were covered, the express terms of the policy limit damages resulting from injury to one person to the per person limit of $100,000.
On June 22, 1998, appellant filed a brief in opposition to appellee's motion and his own motion for summary judgment. In appellant's motion for summary judgment, he argued that he is entitled to judgment as a matter of law because the Ohio Supreme Court held that loss of consortium is a separate claim subject to a separate per person limit. Schaefer v. Allstate Ins. Co.
(1996), 76 Ohio St.3d 553, 668 N.E.2d 913. On October 28, 1998, the trial court granted USAA's motion for summary judgment. In its judgment, the trial court determined that appellant was not entitled to recover from USAA because the policy did not cover loss of consortium claims. From this judgment, appellant assigns the following errors:
 "[1.] The trial court erred to the prejudice of plaintiff-appellant when it ruled that loss of consortium claims were not covered by the policy because it is manifestly against public policy for an insurer to exclude coverage for loss of consortium claims which arise from the bodily injuries caused by their own insured's negligence, and the court should rule such exclusions to be unenforceable.
 "[2.] The trial court erred to the prejudice of plaintiff-appellant when it ruled that loss of consortium claims were not covered by the policy because the language contained in defendant's insurance policy does not clearly and unambiguously exclude loss of consortium claims, so the language of the policy must be construed in favor of the insured."
Appellant's assignments of error will be addressed together. Appellant contends that loss of consortium claims are covered by USAA's insurance policy and that he is entitled to a separate per person limit of $100,000 for his claim for loss of consortium. The declarations page of Ms. Iorio's policy with USAA provides liability coverage for bodily injury in the amount of $100,000 per person and $200,000 per accident. The policy language relevant to such coverage provides, in pertinent part:
"PART A — LIABILITY COVERAGE.
* * *
INSURING AGREEMENT
 We will pay damages for BI [bodily injury] or PD [property damage] for which any covered person becomes legally responsible because of an auto accident. * * *
LIMIT OF LIABILITY
 For BI sustained by any one person in any one accident, our maximum limit of liability for all resulting damages, including, but not limited to, all direct, derivative or consequential damages recoverable by any persons, is the limit of liability shown in the Declarations for `each person' for BI Liability. Subject to this limit for `each person,' the limit of liability shown in the Declarations for `each accident' for BI Liability is our maximum limit of liability for all damages for BI resulting from any one accident. * * * These limits are the most we will pay regardless of the number of covered persons, claims made, vehicles or premiums shown in the Declarations, or vehicles involved in the auto accident."
* * *
USAA's policy is nearly identical to the insurance policy interpreted by the Ohio Supreme Court in Tomlinson v. Skolnik
(1989), 44 Ohio St.3d 11, 540 N.E.2d 716. The insurance policy at issue in Tomlinson provided liability insurance for bodily injury in the amount of $25,000 per person and $50,000 per accident. Nancy Tomlison sought a declaratory judgment that she was entitled to an additional $25,000 for her loss of consortium claim over and above the $25,000 single per person limit that had already been paid to her husband, who had been severely injured in an automobile accident. The court held that Nancy Tomlinson was not entitled to an additional $25,000 because "* * * a claim for loss of consortium, deriving from bodily injury sustained by a spouse, is not a separate bodily injury for purposes of the single person limit of liability of an automobile liability insurance policy." Id. at paragraph two of the syllabus. Loss of consortium is a derivative claim.
Although the court held that Nancy Tomlinson was not entitled to recover her loss of consortium claim as a direct and separate claim under her own per person limit, the court did not conclude that the insurance policy did not cover loss of consortium claims. The court concluded that the limit of liability section provided that the limit for "each person" was the maximum limit for all damages for bodily injury sustained by one person, including derivative loss of consortium claims. The court interpreted the phrase "damages for bodily injury" to mean damages "arising out of" or "because of" bodily injury. Id. at 15. Because USAA's policy states that it will cover "damages for bodily injury * * * for which any covered person becomes legally responsible because of an auto accident" and loss of consortium is a damage arising out of bodily injury to a spouse, see Clouston v. RemlingerOldsmobile Cadillac, Inc. (1970), 22 Ohio St.2d 65, 258 N.E.2d 230, USAA's policy covers claims for loss of consortium. The trial court erred by determining that the policy excluded such claims.
The next issue that must be decided is whether appellant is entitled to an additional $100,000 for his loss of consortium claim over and above the $100,000 that has already been paid to his wife upon settlement. Tomlinson held that a loss of consortium claim arising out of bodily injury to one person is limited to the per person limits of the insurance policy; however, the Ohio Supreme Court specifically overruled Tomlinson in Schaefer.
In Schaefer, the court held that each person who is asserting a claim for loss of consortium has a separate claim subject to a separate per person policy limit and that any insurance policy provision that reaches a contrary result is unenforceable. Id. at syllabus. Even though Schaefer dealt with a limit of liabiltity provision in an uninsured motorist policy, the holding in Schaefer
applies equally to general liability insurance policies becauseSchaefer expressly overruled Tomlinson, which was a case involving a general liability insurance policy. See also, Francis v. McClandish
(Apr. 19, 1999), Athens App. No. 98CA21, unreported, and Haywood v.State Farm Fire and Cas. (Dec. 29, 1999), Knox App. No. 99-CA-15, unreported.
The Ohio General Assembly then enacted R.C. 3937.44, which superceded the effect of Shaefer. It upheld the enforceability of policy provisions that treat all claims arising out of one person's bodily injury as a single claim. R.C. 3937.44 did not become effective until October 20, 1994, which was before Schaefer
but after the policy in question was issued; therefore, it does not apply to this case. Schaefer is the controlling decisional law governing the instant case because Schaefer overruledTomlinson and Ms. Iorio's insurance policy with USAA was effective from December 14, 1991 to January 26, 1992. See PeerlessElec. Co. v. Bowers (1955), 164 Ohio St. 209, 210, 129 N.E.2d 467
("[t]he general rule is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation * * *") and Ross v. Farmers Ins. Group of Cos. (1998),82 Ohio St.3d 281, 695 N.E.2d 732 (the statutory law in effect at the time of contracting or renewal defines the scope of an automobile liability insurance policy). Because Schaefer applies to this case, appellant's loss of consortium claim is subject to its own per person limit of $100,000. The trial court should have granted appellant's motion for summary judgment.
For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is reversed and this case is remanded for further proceedings consistent with this opinion.
 _____________________ JUDGE ROBERT A. NADER
FORD, P.J., CHRISTLEY, J., concur.