{¶ 1} Appellants, Nancy E. Buckley and Michael R. Wintering, have filed motions for reconsideration, pursuant to Ohio App.R.26, requesting this court to reconsider its decision rendered December 17, 2002.
 {¶ 2} The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been. State v. Rowe (1993), 92 Ohio App.3d 652, 677; Columbus v. Hodge (1987),37 Ohio App.3d 68, 69.
 {¶ 3} In its December 17, 2002 decision, this court affirmed summary judgment in favor of appellee, American Casualty Company of Reading, Pennsylvania ("American Casualty"). This court concluded that "American Casualty was entitled to judgment as a matter of law because Buckley failed to provide adequate prompt notice to American Casualty of her intent to seek UM benefits and failed to secure American Casualty's rights to subrogation, thereby violating two of the provisions of the insurance policy."
 {¶ 4} By their motions for reconsideration, Buckley and Wintering argue that in Ferrando v. Auto-Owners Mut. Ins. Co., 98 Ohio St.3d 186,2002-Ohio-7217 ("Ferrando I"), an opinion released on December 27, 2002, the Ohio Supreme Court changed the law with regard to breach of the notice and subrogation provisions of an insurance contract. Buckley and Wintering contend that, under Ferrando, American Casualty is not entitled to summary judgment because there are material issues of fact regarding whether American Casualty was prejudiced by Buckley's breach of the provisions of the insurance policy.
 {¶ 5} American Casualty concedes that "this Court's December 17 opinion is probably not consistent with Ferrando." American Casualty opposes the motions for reconsideration, however, based upon its view that Buckley and Wintering's remedy is to appeal to the Ohio Supreme Court.
 {¶ 6} We conclude that, under the new authority from the Ohio Supreme Court, American Casualty is not entitled to summary judgment on the issues of the notice and subrogation provisions of the insurance policy and we grant the motions for reconsideration.
 {¶ 7} In the syllabus of Ferrando I, the Ohio Supreme Court stated as follows:
 {¶ 8} "1. When an insurer's denial of underinsured motorist coverage is premised on the insured's breach of a prompt-notice provision in a policy of insurance, the insurer is relieved of the obligation to provide coverage if it is prejudiced by the insured's unreasonable delay in giving notice. An insured's unreasonable delay in giving notice is presumed prejudicial to the insurer absent evidence to the contrary.
 {¶ 9} "2. When an insurer's denial of underinsured motorist coverage is premised on the insured's breach of a consent-to-settle or other subrogation-related provision in a policy of insurance, the insurer is relieved of the obligation to provide coverage if it is prejudiced by the failure to protect its subrogation rights. An insured's breach of such a provision is presumed prejudicial to the insurer absent evidence to the contrary. (Bogan v. Progressive Cas. Ins. Co. [1988],36 Ohio St.3d 22, 521 N.E.2d 447, paragraph four of the syllabus, overruled in part.)"
 {¶ 10} Relying upon paragraph four of the syllabus of Bogan and quoting extensively from Ferrando v. Auto-Owners Mut. Ins. Co. (Sept. 4, 2001), Ashtabula App. No. 2000-A-0038, the trial court in the instant action had concluded that "whether the insurer was prejudiced * * * is not part of the inquiry" with regard to the issue of the insurer's rights to subrogation. Although the trial court considered the issue of prejudice when it discussed the insured's delay in providing notice, it merely determined that the delay in notice impaired the insurer's ability to pursue its rights to subrogation. The trial court did not, therefore, determine the larger issue of whether the insured was prejudiced because it was not allowed to pursue its subrogation rights notwithstanding the insured's evidence that the tortfeasor's debts had been discharged in an intervening bankruptcy.
 {¶ 11} In affirming the trial court's decision, we also relied upon paragraph four of the syllabus of Bogan, and we cited Alatsis v. Nationwide Ins. Ent., Franklin App. No. 01AP-1038, 2002-Ohio-2906, at ¶ 25, for the proposition that "[t]he right of subrogation is a `full and present right in and of itself wholly independent' of any alleged lack of prejudice from the failure of an insured to protect the insurer's subrogation rights."
 {¶ 12} By its opinion, the Ohio Supreme Court expressly overruled paragraph four of the syllabus of Bogan and reversed the Eleventh District Court of Appeals' Ferrando decision. In the wake of the Ohio Supreme Court's opinion, we conclude that American Casualty is not entitled to summary judgment in the instant matter on the issues of notice and subrogation because there is evidence in the record that raises an issue of fact as to whether American Casualty suffered prejudice as a result of Buckley's breaches of the notice and subrogation provisions in the insurance contract.
 {¶ 13} In our December 17, 2002 decision we concluded that, because we affirmed the trial court's entry of summary judgment in American Casualty's favor on the issues of breach of the notice and subrogation provisions in the insurance contract, Wintering's first assignment of error and American Casualty's first and second cross-assignments of error were moot. Given our decision to grant the motions for reconsideration, we now address those assignments of error.
 {¶ 14} Wintering asserts in his first assignment of error:
 {¶ 15} "1. The trial court incorrectly decided that plaintiff-appellant Buckley's failure to file suit against the tortfeasor before the one year Tennessee of [sic] statute of limitations expired preclude [sic] plaintiff-appellant Buckley from seeking UIM coverage because she is no longer legally entitled to recover from the tortfeasor."
 {¶ 16} Buckley asserts in her first assignment of error:
 {¶ 17} "I. The lower court committed reversible error in granting summary judgment in favor of Defendant American Casualty Company of Reading, PA because Defendant was not entitled to judgment as a matter of law."
 {¶ 18} American Casualty asserts the following cross-assignments of error:
 {¶ 19} "1. The trial court erred in concluding that the word `you' as used in the `Who Is An Insured' section of an Uninsured Motorist policy is ambiguous [sic] can therefore be interpreted to include off-duty employees of the corporation as `insureds.'
 {¶ 20} "2. The trial court erred in concluding that a vehicle owned by an employee of Southeast, Inc. qualifies as a `covered auto' for purposes of Uninsured Motorist coverage."
 {¶ 21} "[I]nsurance contracts must be construed in accordance with the same rules as other written contracts." Hybud Equip. Corp. v. Sphere Drake Ins. Co., Ltd. (1992), 64 Ohio St.3d 657, 665. Words and phrases used in insurance policies "`must be given their natural and commonly accepted meaning, where they in fact possess such meaning, to the end that a reasonable interpretation of the insurance contract consistent with the apparent object and plain intent of the parties may be determined.'" Tomlinson v. Skolnik (1989), 44 Ohio St.3d 11, 12 (quoting Gomolka v. State Auto. Mut. Ins. Co. [1982], 70 Ohio St.2d 166,167-168). "When the language is clear and unambiguous, courts cannot alter the provision of the policy and may not stretch or constrain unambiguous provisions to reach a result not intended by the parties". Tate v. Pirnat (Oct. 14, 1999), Franklin App. No. 98AP-1189.
 {¶ 22} Wintering's and Buckley's assignments of error are related and will be addressed together. Appellants argue that the trial court erred when it determined that Buckley's failure to file suit against the tortfeasor before the expiration of the one-year statute of limitations in Tennessee precluded Buckley from seeking coverage, as she is no longer legally entitled to recover from the tortfeasor. The policy at issue provides as follows:[1]
 {¶ 23} "We will pay all sums the `insured' is legally entitled to recover as compensatory damages from the owner or driver of an `underinsured motor vehicle' because of `bodily injury' sustained by the `insured' caused by an `accident.' * * *" (Emphasis added.)
 {¶ 24} The trial court concluded that Buckley was not legally entitled to recover from the tortfeasor because the statute of limitations had run on the cause of action and, accordingly, American Casualty was no longer obligated to provide underinsured motorist benefits. We disagree.
 {¶ 25} According to the Ohio Supreme Court, "the phrase `legally entitled to recover' means the insured must be able to prove the elements of his or her claim." Kurent v. Farmers Ins. of Columbus, Inc. (1991),62 Ohio St.3d 242, 245. Buckley has a claim for negligence against the tortfeasor. To prevail on a claim of negligence, Buckley must be able to establish (1) a duty, (2) breach of the duty, (3) proximate causation between the breach and the injury, and (4) damages. Tallman v. Branham (June 28, 2001), Franklin App. No. 00AP-1475. There is no dispute of fact on the elements of this claim, as the parties agree that the tortfeasor caused Buckley's injuries.
 {¶ 26} We recognize that some courts have concluded that an insured who fails to file suit against a tortfeasor within the applicable statute of limitations is no longer legally entitled to recover underinsured motorist benefits under the policy language in the instant matter. See, e.g., Hutchison v. Midwestern Indemnity Co. (Aug. 5, 1987), Ross App. No. 1352. We agree, however, with the reasoning advanced in Ohio Farmer's Ins. Co. v. Binegar (Jan. 7, 1994), Montgomery App. No. 13906. In concluding that the policy language at issue does not bar recovery by an insured who failed to timely file a cause of action against a tortfeasor, the Binegar court stated as follows:
 {¶ 27} "The policy requirement that an insured must be `legally entitled to recover damages' is reasonably susceptible of at least two interpretations: (1) that the insured's legal entitlement to recover damages against the tortfeasor is a condition of the accrual of a claim under the policy; or (2) the insured's legal entitlement to recover damages against the tortfeasor is a condition of the assertion of a claim under the policy. Under the former interpretation, Binegar was legally entitled to recover damages against the tortfeasor upon the decedent's death, so that at that point a claim accrued under the policy. Under the latter interpretation, Binegar could have asserted a claim under the policy immediately following the decedent's death, but lost the ability to assert a claim once it became too late to file a wrongful death action against the tortfeasor.
 {¶ 28} "Both interpretations are plausible. The first is more consistent with the basic concept of underinsured motorist coverage as a means of insuring the collectibility of liability against a tortfeasor in a motor vehicle accident. The second would be a way of providing the insurer with notice of a claim while there is still a possibility of recovering damages from the tortfeasor. However, the provision is not worded in language suggestive of a purpose of assuring notice.
 {¶ 29} "Where terms of an insurance contract are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured. King v. Nationwide Insurance Co. (1988), 38 Ohio St.3d 208."
 {¶ 30} In concluding that Buckley is not barred from pursuing her claim against American Casualty by the policy provision at issue, we further note that the policy contains other provisions — the notice and subrogation provisions — that are more expressly designed to ensure that the insurer has notice of a cause of action. We also note that affirmative defenses, such as the statute of limitations, are not relevant to the analysis of whether an insured is "legally entitled to recover" pursuant to Kurent, which merely focuses on the elements of the cause of action.
 {¶ 31} For the foregoing reasons, we sustain Wintering's and Buckley's first assignments of error.
 {¶ 32} By its first cross-assignment of error, American Casualty contends that the trial court erred in concluding that that the uninsured motorist policy covers off-duty employees of the insured corporation. American Casualty concedes, however, that it merely wishes to preserve its rights for further appeal on this issue and that, in Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660, the Ohio Supreme Court interpreted the policy language at issue and concluded that an off-duty employee of an insured corporation is entitled to coverage. Accordingly, we overrule American Casualty's first cross-assignment of error.
 {¶ 33} By its second cross-assignment of error, American Casualty argues that the trial court erred when it concluded that the vehicle driven by Buckley at the time of the accident qualified as a covered automobile. We disagree.
 {¶ 34} The policy at issue provides in part as follows:
 {¶ 35} "Each Of These Coverages Will Apply Only To Those Autos Shown As Covered Autos. Autos Are Shown As Covered Autos For A Particular Coverage By The Entry Of One Or More Of The Symbols From The Covered Auto Section Of The Business Auto Coverage Form Next To The Coverage.
 {¶ 36} "* * *
 {¶ 37} "UNINSURED MOTORIST 02 $1,000,000.00"
 {¶ 38} The Business Auto Coverage Form of the policy at issue provides as follows with regard to the definition of covered autos:
 {¶ 39} "SECTION I — COVERED AUTOS
 {¶ 40} "ITEM TWO of the Declarations shows the `autos' that are covered `autos' for each of your coverages. The following numerical symbols describe the `autos' that may be covered `autos.' The symbols entered next to a coverage on the Declarations designate the only `autos' that are covered `autos.'
 {¶ 41} "A. Description Of Covered Auto Designation Symbols
 {¶ 42} "Symbol Description
 {¶ 43} "* * *
 {¶ 44} "2 = OWNED "AUTOS" ONLY. Only those `autos' you own (and for Liability Coverage any `trailers' you don't own while attached to power units you own). This includes those `autos' you acquire ownership of after the policy begins."
 {¶ 45} Under these terms, the policy provides uninsured motorist coverage for " `autos' you own." As we have already noted, pursuant to Scott-Pontzer, Buckley was an insured under the policy. We therefore conclude that the trial court did not err when it determined that the vehicle driven by Buckley at the time of the accident qualified as a covered auto for purposes of uninsured motorist coverage. Accordingly, we overrule American Casualty's second cross-assignment of error.
 {¶ 46} Upon reconsideration of this court's December 17, 2002 decision, we conclude that, in light of Ferrando I, American Casualty is not entitled to summary judgment on the notice and subrogation clauses in the insurance policy, as there are issues of fact as to whether American Casualty suffered prejudice. Wintering's and Buckley's first assignments of error are sustained and American Casualty's first and second cross-assignments of error are overruled. The December 17, 2002 decision of this court is vacated, and the trial court's judgment is reversed and this case is remanded to the trial court for further proceedings consistent with this decision.
Motions for reconsideration granted; December 17, 2002 decision vacated, judgment reversed and case remanded.
[1] As we noted in our December 17, 2002 decision, although the record before this court includes portions of the insurance policy at issue, it does not appear to contain the entire policy. Neither party, however, has assigned error based upon omissions of portions of the policy, nor does either party object to the accuracy of the policy language quoted within the trial court's decision. We rely upon the language as it appears in the trial court's decision.