JOURNAL ENTRY AND OPINION.
{¶ 1} Appellant, Dave's Drive Thru, Inc. ("Dave's") appeals from the decision and order of the Board of Tax Appeals ("BTA") affirming the Tax Commissioner's final determination issuing a modified sales tax assessment for the period of April 1995 through December 1998. For the reasons that follow, we find that the BTA based its findings of fact upon sufficient probative evidence and therefore affirm its judgment.
 {¶ 2} Dave's operates a retail beverage store on the eastside of Cleveland. On September 19, 1997, the Ohio Department of Taxation sent Dave's an initial audit letter for the period of August 1, 1994 through December 31, 1998. The record documents several delays, cancellations and general uncooperativeness on Dave's part in supplying information necessary to conduct the audit.
 {¶ 3} In May 1998, the Department sent Dave's an Audit Procedures letter demanding access to, or production of, records in lieu of having 96.01% of all sales classified as taxable.[1] After reviewing an initial assessment based on that percentage, Dave's presented records it obtained from its vendors concerning the audit period. These records were incomplete. The agent agreed to base the audit on the information supplied for 1997 because this was the only year all of the vendors reported their sales to the taxpayer.
 {¶ 4} The Department set forth its projected method for conducting the audit in a Letter of Agreement providing that the audit would be based on the available purchase records for the period of 1997. The Department divided the total taxable purchases by total purchases to determine a taxable percentage of 82.61%, which was then multiplied against the gross sales as listed by year. The calculated taxable sales were multiplied by the Cuyahoga County sales tax percentage and used to determine the sales deficiencies. An assessment was issued to Dave's.
 {¶ 5} Dave's filed a petition for reassessment. On December 1, 2002, the Tax Commissioner issued its final determination. The Commissioner denied Dave's claims challenging the method of conducting the audit but modified the audit period to April 1995 through December 1998 and reduced the tax assessment and penalties accordingly.
 {¶ 6} Dave's appealed to the BTA and presented additional documents and testimony at the hearing. Ultimately, the BTA determined that "the receipts presented by Dave's add[ed] little probative value to the record. The receipts are for the wrong period, duplicative, and presented in bulk, with no breakdown as to type of sales." The testifying witness admitted that the records produced at the hearing for 1998 were incomplete. The BTA affirmed the Tax Commissioner's final determination, which forms the basis of this appeal.
 {¶ 7} If we determine that the BTA ruling is reasonable and lawful, we must affirm. R.C. 5717.04. "The Board of Tax Appeals is vested with wide discretion in determining the weight to be given to evidence and the credibility of witnesses which come before the board. [Citations omitted.]" Cardinal Fed. S. L. Assn v. Cuyahoga Cty. Bd. ofRevision (1975), 44 Ohio St.3d 13, paragraph three of the syllabus. Thus, we may not substitute our judgment for that of the Board and will not overrule findings of fact that are based upon probative evidence.Hawthorn Mellody Inc. v. Lindley (1981), 65 Ohio St.2d 47. We review each of Dave's assigned errors within the framework of this standard.
 {¶ 8} "I. The Board of Tax Appeals was in error when it stated that the test period for the auditor for the taxpayer was calendar year 1997, when in fact the test period was 1998. As a result, the Board should not have disregarded the records submitted by the taxpayer for the appropriate time period."
 {¶ 9} Dave's complains that the BTA held that the test period for the audit was the year 1997. However, the BTA correctly noted that the agent utilized the records from 1997, the year with the most complete information, to determine a percentage for taxable sales. Ibid. Contrary to Dave's assertion, the record adequately reflects that the Tax Commissioner based its audit on the 1997 information. E.g., Transcript of Tax Commissioner, p. 23 "[b]ecause of the companies' recordkeeping procedures only for the year 1997 did all of the vendors report their sales to the taxpayer. As this is the only available information, agent agreed to base the audit on this information."
 {¶ 10} R.C. 5739.10(B) permits the Tax Commissioner to conduct test checks of the taxpayer's business for a representative period to determine the proportion of taxable retail sales to all retail sales. The record presents ample evidence that Dave's failed to comply with the statutory record keeping requirements of R.C. 5739.11. Consequently, the BTA correctly determined that the Tax Commissioner acted within its authority to create a formula to determine taxes due. Russo v. Donahue
(1967), 10 Ohio St.2d 201; see, also, Dawud v. Tracy (June 7, 2001), Cuyahoga App. No. 78331 (BTA is under no obligation to accept the results presented from taxpayer's independent test check). The first assignment of error is overruled.
 {¶ 11} "II. The Board of Tax Appeals was in error when it failed to add the purchase records submitted for 1998 to the 1997 purchase information to more accurately determine the amount of taxable purchases made by the taxpayer during the entire audit period. The Tax Commissioner by law is required to give consideration to all evidence submitted by the taxpayer to determine the proper estimate of taxation due to the State of Ohio."
 {¶ 12} Dave's vaguely contends that the records it submitted to the BTA "would have changed the percentage of non-taxable sales and would have resulted in lowering of the amount of tax, penalty and interest that [Dave's] would have owed." Thus, Dave's maintains that the BTA failed to consider the evidence submitted. This is not the case.
 {¶ 13} The BTA explicitly considered, among other things, "the record of the merit hearing, as well as the exhibits introduced at that time." The BTA decision addresses the submitted exhibits in detail and then concludes as follows: "the receipts presented by Dave's add little probative value to the record. The receipts are for the wrong period, duplicative, and presented in bulk, with no breakdown as to type of sales. At this stage of the proceedings, Dave's must do more than present random receipts for purchases made during the audit period. The taxpayer must demonstrate the effect of its receipts on the Tax Commissioner's calculations. Here the receipts have no effect."
 {¶ 14} Our review of the record supports the BTA findings. Dave's presented no new or additional purchase records or sales receipts that would support its sales tax returns for the years 1995, 1996 or 1997. Dave's stated that the records submitted for 1998 were not complete.
 {¶ 15} It was Dave's burden to establish that the presumptively valid findings of the Tax Commissioner were unreasonable or unlawful.Dawud, supra. It was Dave's burden to prove the manner and extent of the claimed error. Id. Our review of the record supports the BTA decision which implicitly finds that Dave's failed to carry its burden in this regard. This assignment of error is overruled.
 {¶ 16} "III. The imposition of penalty on unpaid taxes assessed by the Tax Commissioner was an abuse of discretion in this matter."
 {¶ 17} R.C. 5739.133 confers discretional authority on the Tax Commissioner to remit penalties.
 {¶ 18} In urging reversal, Dave's claims that the Tax Commissioner failed to state a reason for imposing a penalty. Yet, in its final determination, the Tax Commissioner conditionally granted Dave's request for penalty remission and "partially denied [the request] due to [Dave's] failure to maintain complete and accurate sales records as required by law and its low compliance rate during the period assessed." This stated reason is supported by competent, credible evidence in the record such that we cannot say there was an abuse of discretion in imposing the penalty. This assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Board of Tax Appeals to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J., and TIMOTHY E. McMONAGLE, J., concur.
[1] This taxable percentage was obtained from the audit of a similar drive thru beverage store that had provided the Department with records.