OPINION
These are two appeals from two summary judgments of the Court of Common Pleas of Knox County, Ohio. They arose out of a tragic single car accident which occurred on October 26, 1994. It is not in dispute that on October 26, 1994, Steven Baluck operated Mark Haywood's 1984 Chevrolet Camero Z28 sports car, with Haywood as a passenger. Baluck operated the motor vehicle in a negligent manner, causing it to leave the road and eject both passengers. Baluck was killed and Mark Haywood suffered serious injuries which left him totally and permanently disabled and requiring continuing medical care. Mark Haywood has two minor daughters, Heidi Sue, and Rebecca Sue. In 1993, Francis Baluck, Steven's father, purchased automobile coverage from State Farm Fire and Casualty Company. This automobile insurance covered himself, his wife Lucille, and his son, Steven. It had liability limits of $100,000 per person, $300,000 per occurrence. On or around September 3, 1996, Francis Baluck applied for a policy of umbrella coverage with State Farm. Francis Baluck had an immediate need for the umbrella policy, and although by affidavit he testified the umbrella policy would not be in effect until accepted by State Farm, the application for the umbrella policy contains a notation that a binder was issued effective September 3, 1993. Nowhere on the face of the application is an exclusion of Steven Baluck. Nevertheless, it appears the parties agree they originally intended to exclude Steven from the umbrella policy because State Farm would not issue a policy which covered Steven. On or after September 10, 1993, Steven and Francis Baluck executed a named-driver exclusion excluding Steven from coverage under the umbrella policy. On or about September 10, 1994, the parties renewed the umbrella policy. Mark, Heidi, and Rebecca Haywood brought suit against the Estate of Steven Baluck for damages as a result of the accident. Eventually, Mark Haywood settled with State Farm for the $100,000 per person policy limit for his injuries. The Haywoods reserved the right to assert separate claims for each of his daughters for lost consortium, seeking separate per person limits of $100,000 under the $300,000 per occurrence limit. State Farm has refused to pay the claims, arguing a clause in the liability insurance policy limits its liability to a single $100,000 limit because only one person suffered bodily injury. The Haywoods also sought a declaratory judgment establishing Steven Baluck was covered under Francis Baluck's $1,000,000 umbrella policy. Thereafter, the trial court entered summary judgment in favor of State Farm on the issue of the umbrella policy, finding State Farm was not liable under the umbrella policy as a matter of law. The trial court further found in favor of the Haywoods on the automobile liability policy, finding as a matter of law Rebecca and Heidi's lost consortium claims constitute claims separate from Mark Haywood's, under the per occurrence policy limit of $300,000. From these two summary judgments, each party appeals the unfavorable portion of the summary judgment. In Knox Appellate Number 99CA16 the Haywoods assign two errors to the trial court:
 ASSIGNMENTS OF ERROR I ASSIGNMENT OF ERROR NUMBER ONE: THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE.
 II ASSIGNMENT OF ERROR NUMBER TWO: THE TRIAL COURT ERRED IN FAILING TO GRANT SUMMARY JUDGMENT IN FAVOR OF APPELLANTS.
In Knox Appellate Number 99CA15, State Farm assigns two errors to the trial court: ASSIGNMENTS OF ERROR I THE TRIAL COURT ERRED BY APPLYING SCHAEFER V. ALLSTATE INS. CO. (1996) 76 OHIO ST. 3D 553, 668 NH.E.2D 913 TO THIS LIABILITY CLAIM.
 II THE TRIAL COURT ERRED BY RULING THAT THE LOSS OF CONSORTIUM CLAIMS AT ISSUE IN THIS LIABILITY LAWSUIT GIVE RISE TO THE PAYMENT OF MULTIPLE PER-PERSON LIMITS FROM THE TORTFEASOR'S LIABILITY CARRIER.
Because these matters are so closely related, we consolidate them for purposes of this opinion only. Civ.R. 56 (C) states in pertinent part: Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts, Hounshell v. American States Insurance Company (1981), 67 Ohio St.2d 427 at 433. A trial court may not resolve ambiguities in the evidence presented, Inland Refuse Transfer Company v. Browning-Ferris Industries of Ohio, Inc. (1984),15 Ohio St.3d 321. A reviewing court reviews a summary judgment by the same standard as a trial court, Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35. We will address the Haywoods' assignments of error first. The Haywoods claim the summary judgment was inappropriate in this case because material issues of fact remain. The issues appellants identify are when the insurance policy at issue was issued by the insurer, whether a binder was issued, and whether Steven Baluck was insured under the binder. A binder is a very particular kind of insurance contract. The court in Jim's Car Care Center, Inc. v. West Bay Insurance Agency, Inc. (December 14, 1989), Cuyahoga Appellate Number 56311, unreported, cites 12A Appleman, Insurance Law and Practice (1981), 146, Sec. 7227, as authority for the proposition that a binder provides insurance for a short time before the formal application process is complete. Jim's Car Care Center, Inc. at 3. Likewise, in Willis v. Omega Oil Company (April 10, 1990), Montgomery County Court of Appeals Number 11546, unreported, the court cites Couch's Encyclopedia of Insurance Law as defining a binder of insurance as a contract of temporary insurance designed to be in force until a permanent policy is issued, Willis at 5. In Littell v. Republic-Franklin Insurance Company (1965) 1 Ohio App.2d 524, the Court of Appeals for Union County cited to 44 C.J.S Insurance Section 49, Page 497: the term `binder' has a well-known significance in the parlance of insurance contracts, and a binder or binding slip is merely a written memorandum of the most important terms of preliminary contract of insurance intended to give temporary protection pending the investigation of the risk of insurer, or until the issuance of a formal policy; a contract of insurance in praesenti, temporary in its nature, intended to take the place of an ordinary policy until one can be issued; a short method of issuing a temporary policy for the convenience of all parties to continue, unless sooner canceled, until the execution of formal policy.
In 2 Couch On Insurance 2d (1984), 71, a binder of insurance is defined as consisting of the standard policy and any additional coverage requested by the insured, which is used when a policy cannot be immediately issued, as evidence the coverage shall attach at a specific time and continue until the policy itself is issued, Section 219. If the binder is followed by the delivery of a written policy, the terms of the binder are that of the insurance policy, Section 14: 37. The binder will incorporate the very terms of the policy ordinarily issued by the insurer to insure similar risks, Section 14:35. The Haywoods ask us to find the exclusion of Steven Baluck was never an effective part of the insurance policy because it was not contained in the application or in the binder. We find this is not the rule. The terms of the binder are those of the final policy, and here, the final policy does contain an endorsed exclusion of Steven Baluck from the umbrella policy. The Haywoods cite to Preferred Risk Group v. Beachy (November 7, 1990), Summit Appellate Number 14572, unreported, wherein the mother of the plaintiff obtained a binder for automobile insurance from an agent, and almost immediately thereafter the plaintiff was involved in an automobile accident. The insurer denied coverage, on the grounds that the parties intended to execute a named driver exclusion denying the plaintiff coverage prior to the issuance of the final policy. The court found it had only the evidence of the language of the binder, which did not contain an express exclusion of coverage for the plaintiff. This case is readily distinguishable from the case at bar, because here, the binder had expired and was replaced by the terms of the formal policy, whereas in Beechy, the parties had not had time to execute the final contract. The Haywoods also urge that when the umbrella policy was renewed on or about September 10, 1994, the parties did not execute a new named driver exclusion that excluded Steven from coverage under the policy. Appellants urge the exclusion signed on or about September 10, 1993, was only effective for a year, the term of the policy in effect at that time. The Haywoods cite us to Duldner v. Allstate Insurance Company (July 17, 1996), Summit Appellate Number 94-09-3084, unreported, wherein the Summit County Court of Appeals found a renewal of a policy which involved a change in the terms of the policy, a change in the insured persons of a policy, and a change of the policy number was not a renewal, but rather a new policy which required new exclusions be signed. Thus, Duldner is readily distinguishable from the case at bar. The language of the policy before us requires any changes to the policy be issued in writing, see Other Conditions, Section 7, at 7. We find as a matter of law this was a renewal, rather than a new policy and did not require a new exclusion be endorsed. We find as a matter of law when Steven and Francis Baluck executed the named driver exclusion on or about September 10, 1993, this had the effect of excluding Steven from coverage under the umbrella policy for purposes of the accident on October 26, 1994. Finally, the Haywoods urge State Farm failed to prove the exclusion. We find this argument was without merit, because the record before the trial court and before us contains sufficient documentation. We conclude the issues of fact the Haywoods urge are not material and genuinely disputed. We conclude the trial court correctly found as a matter of law State Farm Fire and Casualty Company did not insure Steven under the umbrella policy on the day of the accident. Both the Haywoods' assignments of error are overruled. Turning now to State Farm's appeal, State Farm challenges the trial court's decision regarding the lost consortium claims of Heidi and Rebecca Haywood. The trial court cited Schaefer v. Allstate Insurance Company (1996), 76 Ohio St.3d 553
as support for its finding. In Schaefer, the Supreme Court held: Each person who is covered by an uninsured motorist policy and who is asserting a claim for lost consortium has a separate claim subject to a separate per person policy limit. A provision in an insurance policy which reaches a contrary result is unenforceable. (Tomlins v. Skolik [1989] 44 Ohio St.3d 11,540 N.E.2d 716, and Dues v. Hodge [1988], 36 Ohio St.3d 46,521 N.E.2d 789, paragraph two of the syllabus, overruled.
Syllabus by the court.
State Farm urges Schaefer does not apply to this case because this case involves a liability claim, not an uninsured motorist claim as was the case in Schaefer. State Farm asks us to read the Ohio Supreme Court's decision as invoking the public policy set forth by the legislature in the uninsured motorist statute which provides for uninsured/underinsured motorists coverage. State Farm urges there is no such public policy or legislation applicable to liability policies, and for this reason, the language of the policy, limiting all damages arriving out of bodily injury to one person under the per person total limit, should control as a matter of law. Although State Farm correctly identifies Schaefer as an uninsured motorist case, Schaefer expressly overrules Tomlinson, supra, which was a liability insurance case. Tomlinson had held an insurance policy may limit recovery for all causes of action out of or because of bodily injury to one person to a single limit of liability, and found a claim for lost consortium is not a separate bodily injury for purposes of the applying a single limit of liability in an automotive liability insurance policy, Tomlinson, syllabus by the court, paragraphs one and two. Because the Ohio Supreme Court in Schaefer has expressly overruled its prior holding in Tomlinson, an automobile liability insurance case, we find we may not limit the holding in Schaefer to uninsured and underinsured claims. For this reason, we conclude the trial court correctly applied Ohio law to the undisputed facts of this case, and correctly found as a matter of law Rebecca and Heidi Haywood have separate claims for lost consortium under the contract for insurance. Both State Farm's assignments of error are overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Knox County, Ohio, is affirmed.
By Gwin, J., Wise, P.J., and Reader V. J., concur