DECISION
Plaintiff-appellant, Timothy D. Chaney, appeals from the judgment of the Franklin County Court of Common Pleas, which granted summary judgment in favor of defendant-appellee, Acceleration Life Insurance Co.
The underlying facts in this case are undisputed. Appellant began working for the Franklin County Sheriff's office as a deputy sheriff in 1989. On March 3, 1997, appellant slipped and fell on a concrete floor during a training exercise. As a result of the fall, appellant suffered a left wrist sprain and closed fracture, reflex sympathetic dystrophy of the left wrist and post-traumatic degenerative arthritis of the left wrist. Appellant underwent surgery in September 1997.
Appellant was disabled from work from the date of the injury through November 19, 1997. On November 19, 1997, appellant returned to work, where he was assigned light duty. Appellant knew that the light duty arrangement would be temporary because his employer had a policy against assigning permanent light duty. Appellant continued to receive treatment for his injuries. Appellant was hopeful that his condition would improve and he would be able to resume his regular duties as a deputy sheriff.
On July 20, 1998, appellant purchased a new vehicle. Appellant also purchased an insurance policy from appellee that would make the loan payments for the vehicle if appellant became totally disabled.
Appellant continued to perform light duty until May 21, 1999, the date that it was determined that appellant's injury was permanent and, therefore, appellant could not perform the duties for which he had been hired. Appellant's employment as a Franklin County deputy sheriff was terminated. Appellant then filed a claim with appellee alleging that he was totally disabled under the terms of the insurance policy. Appellee denied the claim. Appellant filed this lawsuit, alleging claims for breach of contract and bad faith.
In its decision granting appellee's motion for summary judgment, the trial court concluded that appellant failed to qualify as totally disabled as defined in the policy. Appellant now asserts the following assignment of error:
 THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT.
We affirm the judgment of the trial court.
Appellate review of summary judgment motions is de novo. Helton v. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183.
When a motion for summary judgment has been supported by proper evidence, a non-moving party may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing that there is a genuine triable issue. Civ.R. 56(E); Jackson v. Alert Fire Safety Equip., Inc. (1991), 58 Ohio St.3d 48, 52. To establish the existence of a genuine issue of material fact, the non-moving party must do more than simply resist the allegations in the motion. Rather, that party must affirmatively set forth facts which entitle him to relief. Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, 111. If the non-moving party "does not so respond, summary judgment, if appropriate, shall be entered against the party." Civ.R. 56(E).
"[I]nsurance contracts must be construed in accordance with the same rules as other written contracts." Hybud Equip. Corp. v. Sphere Drake Ins. Co., Ltd. (1992), 64 Ohio St.3d 657, 665. Words and phrases used in insurance policies "`must be given their natural and commonly accepted meaning, where they in fact possess such meaning, to the end that a reasonable interpretation of the insurance contract consistent with the apparent object and plain intent of the parties may be determined.'" Tomlinson v. Skolnik (1989), 44 Ohio St.3d 11, 12 (quoting Gomolka v. State Auto. Mut. Ins. Co. [1982], 70 Ohio St.2d 166, 167-168). See Tate v. Pirnat (Oct. 14, 1999), Franklin App. No. 98AP-1189, unreported (noting that "[w]hen the language is clear and unambiguous, courts cannot alter the provision of the policy and may not stretch or constrain unambiguous provisions to reach a result not intended by the parties").
We agree with the trial court that appellant failed to submit evidence that he was totally disabled pursuant to the terms of the insurance policy. The policy defines total disability as follows:
 "Total Disability," whenever used in this Certificate shall be defined as the inability to perform any occupation for wage or profit for which you are reasonably qualified by education, training or experience.
Although appellant may not be able to perform the specific duties of Franklin County deputy sheriff, he has not established that he is unable to perform "any occupation" for which he is reasonably qualified. Appellant admitted that he has not looked for work since his termination. Appellant also admitted that, even though he is not eligible to continue performing light duty in the Franklin County Sheriff's office by virtue of that department's policy, he is still able to perform the type of modified duty that he performed for eighteen months.
We likewise conclude that appellant has failed to offer evidence to support his claim for bad faith. In order to prevail on his claim for bad faith, a plaintiff must establish that the defendant "[failed] to exercise good faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefor." Zoppo v. Homestead Ins. Co. (1994), 71 Ohio St.3d 552, syllabus. Appellant's claim is predicated solely upon his theory that appellee unlawfully denied his claim for benefits, a theory we have rejected.
For the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
TYACK and DESHLER, JJ., concur.