DECISION
Plaintiff-appellant, Sherry Gaines, in her own capacity as a wrongful death beneficiary and as administrator of her husband's estate, appeals from the judgment of the Franklin County Court of Common Pleas, which granted summary judgment in favor of defendant-appellee, State Farm Mutual Automobile Insurance Company ("State Farm").
Jerry Gaines was killed in a motor vehicle accident on September 19, 1999. Mr. Gaines was driving a 1984 Kawasaki motorcycle. The driver of the other vehicle was uninsured.
At the time of the accident, Jerry Gaines and Sherry Gaines had two State Farm insurance policies. The policies, which are identical in all material respects, provided express coverage for a 1997 Ford Taurus and a 1989 Buick Electra. The policies also included uninsured motorist coverage. Sherry Gaines filed an uninsured motorist claim. State Farm denied the claim, and this lawsuit ensued.
The parties moved for summary judgment on the issue of liability. The trial court concluded that the State Farm policies excluded uninsured motorist benefits for Jerry Gaines' estate and for Sherry Gaines because Jerry Gaines was operating a vehicle not listed on the policies at the time of his death. Accordingly, the court granted State Farm's motion, denied Sherry Gaines' motion, and entered final judgment in State Farm's favor.
On appeal, Sherry Gaines asserts the following assignment of error:
 The trial court erred in denying Plaintiff Sherry Gaines' Motion for Partial Summary Judgment and in granting Defendant State Farm's Motion for Summary Judgment.
Appellate review of summary judgment motions is de novo. Helton v. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183.
When a motion for summary judgment has been supported by proper evidence, a non-moving party may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing that there is a genuine triable issue. Civ.R. 56(E); Jackson v. Alert Fire Safety Equip., Inc. (1991), 58 Ohio St.3d 48, 52. To establish the existence of a genuine issue of material fact, the non-moving party must do more than simply resist the allegations in the motion. Rather, that party must affirmatively set forth facts which entitle him to relief. Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, 111. If the non-moving party "does not so respond, summary judgment, if appropriate, shall be entered against the party." Civ.R. 56(E).
"[I]nsurance contracts must be construed in accordance with the same rules as other written contracts." Hybud Equip. Corp. v. Sphere Drake Ins. Co., Ltd. (1992), 64 Ohio St.3d 657, 665. Words and phrases used in insurance policies "`must be given their natural and commonly accepted meaning, where they in fact possess such meaning, to the end that a reasonable interpretation of the insurance contract consistent with the apparent object and plain intent of the parties may be determined.'" Tomlinson v. Skolnik (1989), 44 Ohio St.3d 11, 12 (quoting Gomolka v. State Auto. Mut. Ins. Co. [1982], 70 Ohio St.2d 166, 167-168). Ambiguities in insurance policies should be construed liberally in favor of coverage. Yeager v. Pacific Mut. Life Ins. Co. (1956), 166 Ohio St. 71, paragraph one of the syllabus.
The parties agree that, under Ohio law, State Farm was permitted to exclude uninsured motorist coverage when its insured was operating a vehicle that was not identified in the insurance policy. Specifically, R.C. 3937.18 provides, as follows, with regard to the other owned vehicle exclusion:
 (J) The [uninsured motorist coverage] may include terms and conditions that preclude coverage for bodily injury or death suffered by an insured under any of the following circumstances:
 (1) While the insured is operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured, if the motor vehicle is not specifically identified in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy under which the uninsured and underinsured motorist coverages are provided[.]
State Farm argues that the uninsured motorist coverage in the policies at issue included valid other owned vehicle exclusions. The relevant language in the State Farm policies provides as follows:
UNINSURED MOTOR VEHICLE COVERAGE U
 You have this coverage if "U" appears in the "Coverages" space on the declarations page.
We will pay damages for bodily injury an insured:
 is legally entitled to collect from the owner or driver of an uninsured motor vehicle; or
 would have been legally entitled to collect except for the fact that the owner or driver of the uninsured motor vehicle has an immunity under Chapter 2744 of the Ohio Revised Code or a diplomatic immunity.
* * *
Who is an Insured
 Insured means the person or persons covered by uninsured motor vehicle coverage.
* * *
When Coverage U Does Not Apply
THERE IS NO COVERAGE:
* * *
FOR BODILY INJURY TO AN INSURED:
 WHILE OPERATING OR OCCUPYING A MOTOR VEHICLE OWNED OR LEASED BY, FURNISHED TO, OR AVAILABLE FOR THE REGULAR USE OF YOU, YOUR SPOUSE OR ANY RELATIVE IF IT IS NOT INSURED FOR THIS COVERAGE UNDER THIS POLICY. [Emphasis sic.]
Appellant argues that this policy language does not meet the requirements of R.C. 3937.18(J)(1). Appellant contends that State Farm's policy, which excludes coverage when an insured is operating a vehicle owned by him when "it is not insured for this coverage under this policy," is at best ambiguous because State Farm's uninsured motorist coverage attaches to individuals, not to specific vehicles. According to appellant, State Farm's exclusion, taken literally, "actually precludes [uninsured motorist] coverage for all insureds, because it precludes coverage whenever the insured is operating a vehicle that is not insured for [uninsured motorist] coverage, which is every vehicle insured by State Farm as the policy indicates, it is the insured individual, not the vehicle that has [uninsured motorist] coverage." (Emphasis sic.)
We disagree with appellant's circular argument. We conclude that the policy unambiguously excludes uninsured motorist coverage for bodily injury to an insured when the insured is operating or occupying a vehicle owned by the insured but the vehicle is not covered under the State Farm policy. See Tate v. Pirnat (Oct. 14, 1999), Franklin App. No. 98AP-1189, unreported (noting that "courts * * * may not stretch or constrain unambiguous provisions to reach a result not intended by the parties").
The Stark County Court of Appeals reached the same conclusion when it interpreted similar policy language in Jones v. Nationwide Ins. Co. (July 23, 2001), Stark App. No. 2000CA00329. The Jones plaintiff was driving his motorcycle when he was injured by the negligence of an uninsured motorist. The plaintiff had uninsured motorist coverage, but his motorcycle was not identified in the insurance policy. The policy excluded coverage for "[b]odily injury suffered while occupying a motor vehicle owned by you or a relative, but not insured for uninsured motorists coverage under this policy[.]" The Jones plaintiff, like appellant in the instant action, argued that the language was ambiguous because its reasoning was circular in that uninsured motorist coverage applied to individuals, not to vehicles, so plaintiff was covered as long as he was insured for coverage. The Jones court rejected the plaintiff's argument that the language was ambiguous and held that the exclusionary clause barred recovery by the plaintiff.
Accordingly, we conclude that State Farm was entitled to summary judgment on appellant's claim as administrator of her husband's estate, as the other owned vehicle exclusion precluded appellant from recovering on her husband's behalf for her husband's bodily injuries.
Appellant further argues that, even if the other owned vehicle exclusion precludes her claim as administrator of her husband's estate because her husband was not entitled to coverage, she still has a viable cause of action in her own right for wrongful death. We agree.
State Farm contends, and the trial court concluded, that the other owned vehicle exclusion barred appellant from recovering on her claim for wrongful death. The exclusion, however, bars coverage for bodily injury to an insured, Jerry Gaines, "while operating or occupying a motor vehicle" owned or leased by the insured, spouse or relative if the vehicle is not insured under the policy. In the instant action, appellant was not operating or occupying the motorcycle. Accordingly, the other owned vehicle exclusion does not bar appellant from recovering on her claim for wrongful death.
Because the exclusion does not apply, State Farm was obligated to provide coverage "for bodily injury" that appellant was "legally entitled to collect" from the driver of the uninsured vehicle. Pursuant to Ohio's wrongful death statute, appellant is arguably entitled to collect from the driver of the uninsured motor vehicle, as she is presumed to have suffered damages as a result of the wrongful death of her husband. See R.C. 2125.02. Accordingly, under the terms of the policy, appellant is entitled to coverage as long as she sustained "bodily injury."
We conclude that, pursuant to Moore v. State Auto. Mut. Ins. Co. (2000), 88 Ohio St.3d 27, the policy language that limits coverage to appellant's "bodily injury" is an insufficient basis upon which State Farm may deny coverage to appellant. In Moore, the court held, at the syllabus:
 R.C. 3937.18(A)(1), as amended by Am.Sub.S.B. No. 20, does not permit an insurer to limit uninsured motorist coverage in such a way that an insured must suffer bodily injury, sickness, or disease in order to recover damages from the insurer.
The plaintiff in Moore sought uninsured motorist coverage under her own insurance policy after her son, who was not a named insured, was struck and killed by an uninsured motorist. The plaintiff's insurer denied coverage because the plaintiff, who was not involved in the accident, did not sustain bodily injury. The Moore court held that the uninsured motorist statute "does not permit an insurer to limit uninsured motorist coverage in such a way that an insured must suffer bodily injury, sickness, or disease in order to recover damages from the insurer" and concluded that "the limitation in appellee's policy requiring that the insured suffer bodily injury in order to recover uninsured motorist benefits is an attempt to provide lesser coverage than that which is mandated by law." Id. at 32-33.
State Farm argues that Moore does not apply to the instant matter because (1) Moore did not involve an other owned vehicle exclusion, and (2) the holding in Moore is limited to circumstances in which the insured and the accident victim live in different residences. We disagree. First, as we have already articulated, we conclude that the other owned vehicle exclusion does not apply to bar recovery for appellant's own damages because appellant was not operating or occupying the motorcycle at the time of the accident. Second, although the Moore plaintiff did not reside with her son, we find nothing in the Moore opinion that limits its holding based on the residences of the relatives.
Because the trial court erroneously concluded that State Farm was entitled to summary judgment on appellant's own claim for damages for the wrongful death of her husband, we sustain appellant's assignment of error to this extent.
For the foregoing reasons, we sustain in part and overrule in part appellant's assignment of error. The judgment of the Franklin County Court of Common Pleas is affirmed to the extent that the court granted summary judgment in State Farm's favor with regard to her claim as administrator of her husband's estate, and the judgment is reversed to the extent that the court granted summary judgment in State Farm's favor with regard to appellant's claim for wrongful death. Appellant is entitled to partial summary judgment with regard to her own claim for wrongful death damages.
Judgment affirmed in part and reversed in part; case remanded.
DESHLER and BROWN, JJ., concur.