DECISION
{¶ 1} Plaintiff-appellant, Nancy E. Buckley, and defendant-appellant, Michael R. Wintering, appeal from a judgment of the Franklin County Court of Common Pleas, which granted summary judgment in favor of defendant-appellee, American Casualty Company of Reading, Pennsylvania ("American Casualty"). American Casualty has filed a cross-appeal.
 {¶ 2} This is an insurance coverage case and, except as noted, the facts are undisputed. On October 14, 1998, Nancy Buckley was injured in an automobile accident in Tennessee. The accident was caused by the negligence of Billy L. Lane, and Lane had an automobile liability policy that provided coverage up to $25,000. At the time of the accident, Buckley was an employee of Southeast, Inc. ("Southeast"). Southeast had an automobile liability insurance policy with American Casualty that included $1,000,000 in uninsured/underinsured motorist ("UM") coverage.
 {¶ 3} Buckley retained attorney Michael Wintering to assist her in recovering damages related to the accident. Wintering failed to file suit within the one-year statute of limitations applicable to personal injury claims in Tennessee. Lane filed for bankruptcy protection in December 1999, and his debts were discharged on March 9, 2000.
 {¶ 4} On February 1, 2001, Buckley filed this action against Wintering, alleging that Wintering committed legal malpractice because he failed to file a personal injury action on Buckley's behalf within Tennessee's statute of limitations. On May 10, 2001, Buckley amended her complaint and added American Casualty as an additional defendant. By her amended complaint, Buckley alleges that she is entitled to UM benefits pursuant to American Casualty's policy with Southeast.
 {¶ 5} Buckley contends that American Casualty had notice of her UM claim by January 6, 2001, although to support her assertion she attached a letter dated January 26, 2001, from a claim specialist for CNA Commercial Insurance. While the letter indicates that the claim specialist provided Buckley's attorney with a copy of the insurance policy, it further demonstrates that the attorney had yet to provide the claim specialist with a police report, medical records or other information about the accident. American Casualty provided an affidavit signed by Paul Skidmore, an American Casualty claims specialist, who testified that American Casualty first received notice of the details of the Tennessee accident and Buckley's claim for UM benefits in June 2001.
 {¶ 6} American Casualty moved for summary judgment on October 2, 2001. Buckley and Wintering both opposed the motion. On February 27, 2002, the trial court granted in part American Casualty's motion. By its decision, the court concluded that Buckley was an insured under the policy and would have been entitled to UM coverage. The trial court further concluded, however, that American Casualty was entitled to judgment as a matter of law for several reasons. First, the court concluded that Buckley is no longer entitled to seek UM coverage under the terms of the policy because she failed to bring a personal injury action within the applicable statute of limitations and is, therefore, no longer legally entitled to recover from the tortfeasor. Second, the court concluded that Buckley committed a material breach of the insurance policy by failing to protect American Casualty's subrogation rights. Third, the trial court concluded that American Casualty had been prejudiced because Buckley did not timely notify American Casualty of the accident and, accordingly, Buckley is precluded from recovering under the terms of the policy.
 {¶ 7} On appeal, Nancy Buckley asserts the following assignments of error:
 {¶ 8} "I. The lower court committed reversible error in granting summary judgment in favor of Defendant American Casualty Company of Reading, PA because Defendant was not entitled to judgment as a matter of law.
 {¶ 9} "II. The lower court committed reversible error in finding that Plaintiff Nancy Buckley was not entitled to UM/UIM benefits under the policy of insurance issued by Defendant American Casualty Company of Reading, PA."
 {¶ 10} Michael Wintering asserts the following assignments of error:
 {¶ 11} "I. THE TRIAL COURT INCORRECTLY DECIDED THAT PLAINTIFF-APPELLANT BUCKLEY'S FAILURE TO FILE SUIT AGAINST THE TORFEASOR BEFORE THE ONE YEAR TENNESSEE OF [sic] STATUTE OF LIMITATIONS EXPIRED PRECLUDE [sic] PLAINTIFF-APPELLANT BUCKLEY FROM SEEKING UIM COVERAGE BECAUSE SHE IS NO LONGER LEGALLY ENTITLED TO RECOVER FROM THE TORTFEASOR.
 {¶ 12} "II. THE TRIAL COURT INCORRECTLY DECIDED THAT PLAINTIFF-APPELLANT NANCY BUCKLEY'S DELAY IN PROVIDING NOTICE TO AMERICAN CAUSALTY PRECLUDES HER RECOVERY UNDER DEFENDANT AMERICAN CASUALTY'S POLICY.
 {¶ 13} "III. THE TRIAL COURT INCORRECTLY DECIDED PLAINTIFF-APPELLANT BUCKLEY'S FAILURE TO FILE SUIT AGAINST THE TORTFEASOR BEFORE THE ONE YEAR STATUTE OF LIMITATIONS WAS A MATERIAL BREACH OF OBLIGATION AND PROTECTION OF DEFENDANT AMERICAN CASUALTY COMPANY'S SUBROGATION RIGHTS PRECLUDING HER RECOVERY UNDER DEFENDANT AMERCAN CASUALTY'S POLICY."
 {¶ 14} American Casualty asserts the following cross-assignments of error:
 {¶ 15} "1. The trial court erred in concluding that the word `you' as used in the `Who Is An Insured' section of an Uninsured Motorist policy is ambiguous [sic] can therefore be interpreted to include off-duty employees of the corporation as `insureds.'
 {¶ 16} "2. The trial court erred in concluding that a vehicle owned by an employee of Southeast, Inc. qualifies as a `covered auto' for purposes of Uninsured Motorist coverage."
 {¶ 17} Appellate review of summary judgment motions is de novo. Helton v. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103.
 {¶ 18} Pursuant to Civ.R. 56(C), summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in its favor. Civ.R. 56(C); State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183. The moving party bears the initial burden of informing the trial court of the basis for the motion and identifying the portions of the record that establish the absence of a genuine issue of fact on a material element of the non-moving party's claim. Dresher v. Burt (1996), 75 Ohio St.3d 280,292-293. After the moving party satisfies this initial burden, the non-moving party bears a reciprocal burden to respond by affidavit, or as otherwise provided in Civ.R. 56, and must set forth specific facts showing the existence of a genuine issue for trial. Civ.R. 56(E). If the non-moving party fails to so respond, summary judgment, if appropriate, shall be entered against him. Civ.R. 56(E).
 {¶ 19} We address simultaneously Buckley's first and second assignments of error and Wintering's second and third assignments of error. By her first and second assignments of error, Buckley contends that the trial court erred in granting judgment to American Casualty. By his second assignment of error, Wintering contends that the trial court erroneously concluded that Buckley's delay in providing notice to American Casualty precludes her from recovering under the terms of the policy. By his third assignment of error, Wintering contends that the trial court erroneously concluded that Buckley's failure to secure American Casualty's subrogation rights constituted a material breach of Buckley's obligations under the insurance policy, precluding her from recovering under the terms of the policy.
 {¶ 20} "[I]nsurance contracts must be construed in accordance with the same rules as other written contracts." Hybud Equip. Corp. v. Sphere Drake Ins. Co., Ltd. (1992), 64 Ohio St.3d 657, 665. Words and phrases used in insurance policies "`must be given their natural and commonly accepted meaning, where they in fact possess such meaning, to the end that a reasonable interpretation of the insurance contract consistent with the apparent object and plain intent of the parties may be determined.'" Tomlinson v. Skolnik (1989), 44 Ohio St.3d 11, 12 (quoting Gomolka v. State Auto. Mut. Ins. Co. [1982], 70 Ohio St.2d 166,167-168). "When the language is clear and unambiguous, courts cannot alter the provision of the policy and may not stretch or constrain unambiguous provisions to reach a result not intended by the parties". Tate v. Pirnat (Oct. 14, 1999), Franklin App. No. 98AP-1189.
 {¶ 21} We conclude that American Casualty was entitled to judgment as a matter of law because Buckley failed to provide adequate prompt notice to American Casualty of her intent to seek UM benefits and failed to secure American Casualty's rights to subrogation, thereby violating two of the provisions of the insurance policy.
 {¶ 22} Section IV of the BUSINESS AUTO COVERAGE FORM of the policy at issue[1] provides, as follows, with regard to an insured's duty to give prompt notice of an accident:
 {¶ 23} "2. DUTIES IN THE EVENT OF ACCIDENT, CLAIM, SUIT OR LOSS
 {¶ 24} "a. In the event of accident, claim, suit or loss, you must give us or our authorized representative prompt notice of the accident or loss. Include:
 {¶ 25} "(1) How, when and where the accident or loss occurred; * * *
 {¶ 26} "(2) To the extent possible, the names and addresses of any injured persons or witnesses."
 {¶ 27} In Auto Owners Ins. Co. v. Allen (Dec. 27, 2001), Franklin App. No. 01AP-476, this court discussed the issue of prompt notice by an insured as follows:
 {¶ 28} "* * * In Ormet Primary Aluminum Corp. v. Employers Ins. of Wassau (2000), 88 Ohio St.3d 292, a policy requirement that notice of a claim be made `as soon as practicable' was interpreted to mean that notice be given `within a reasonable time in light of the surrounding facts and circumstances.' Id. at 303. Late notice creates a rebuttable presumption of prejudice to the insurer. Ruby v. Midwestern Indemn. Co. (1988), 40 Ohio St.3d 159; TIG Ins. Co. v. O.K. Freightways Inc. (Dec. 21, 2000), Franklin App. No. 00AP-350, unreported. The prejudice stemming from late notice includes depriving the insurer of the opportunity to investigate the accident, assess liability, and pursue avenues of subrogation. * * *
 {¶ 29} "The determination of the impact of late notice to the insurer must be made on a case-by-case basis, and an unexcused significant delay may be unreasonable as a matter of law. Ormet, supra, at 300. In TIG Ins., this court found a delay of less than three years in informing the [insurer] of an accident was still unreasonable as a matter of law, creating a presumption of prejudice which the insured must rebut. * * * Destruction of an insurer's rights and possibilities of subrogation is a significant factor in assessing the prejudice of delay to an insurer. McDonald v. Republic Franklin Ins. Co. (1989),45 Ohio St.3d 27."
 {¶ 30} Section IV of the BUSINESS AUTO COVERAGE FORM of the policy at issue further provides, as follows, with regard to the insured's subrogation rights:
 {¶ 31} "5. TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US
 {¶ 32} "If any person or organization to or for whom we make a payment under the Coverage Form has rights to recover damages from another, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and must do nothing after `accident' or `loss' to impair them."
 {¶ 33} A subrogation clause is a valid and enforceable precondition for the provision of UM coverage. Bogan v. Progressive Cas. Ins. Co. (1988), 36 Ohio St.3d 22, paragraph four of the syllabus. "[A]n insured who destroys his insurer's subrogation rights without the insurer's knowledge does so at his peril." McDonald v. Republic-Franklin Ins. Co. (1989), 45 Ohio St.3d 27, 31.
 {¶ 34} We conclude that Buckley breached the terms of the insurance contract because she failed to provide adequate prompt notice to American Casualty and, as a consequence of her delay, failed to secure American Casualty's subrogation rights. The accident at issue occurred on October 14, 1998. Buckley admits that she did not alert American Casualty until 2001, more than three years after the accident. The undisputed evidence demonstrates that American Casualty did not receive details about the accident until June 2001, more than three and one-half years after the accident. American Casualty was therefore unable to timely investigate the accident, interview witnesses or order an independent medical evaluation. Furthermore, as the statute of limitations had run, American Casualty was unable to pursue its subrogation rights as a result of Buckley's delay.
 {¶ 35} Buckley and Wintering argue that Buckley's delay in notifying American Casualty about the accident did not prejudice American Casualty because the tortfeasor's debts were discharged in bankruptcy and, therefore, American Casualty could not have recovered from the tortfeasor. In Alatsis v. Nationwide Ins. Ent., Franklin App. No. 01AP-1038, 2002-Ohio-2906, at ¶ 25, a panel of this court noted that "[t]he right of subrogation is a `full and present right in and of itself wholly independent' of any alleged lack of prejudice from the failure of an insured to protect the insurer's subrogation rights." "That [the insurer] '* * * never will have any rights against the tortfeasor' is immaterial." Id. We conclude that Buckley's delay ran afoul of the policy notwithstanding the tortfeasor's bankruptcy.
 {¶ 36} Wintering also argues that Buckley's delay should not bar her recovery from American Casualty because the Scott-Pontzer decision, which serves as the basis for Buckley's claim for UM benefits under her employer's insurance policy, was not decided until June 23, 1999. See Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660. Wintering argues that, prior to the Scott-Pontzer decision, Buckley would not have appreciated that she had a viable claim for UM benefits, and her delay is, therefore, excusable. We disagree. Even if we were to accept Wintering's reasoning, we note that Buckley still waited for two years after the Scott-Pontzer decision before she notified American Casualty about the details of the accident and, by that time, the statute of limitations had run. We further note that the one-year statute of limitations did not expire until nearly four months after Scott-Pontzer was decided. Accordingly, had Buckley provided timely notice in the wake of Scott-Pontzer, American Casualty would have been in a position to protect its legal rights to subrogation.
 {¶ 37} For the foregoing reasons, we overrule Buckley's first and second assignments of error and Wintering's second and third assignments of error. As we have already concluded that American Casualty is entitled to judgment as a matter of law, we overrule as moot Wintering's first assignment of error and American Casualty's first and second cross-assignments of error. The judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BRYANT and McCORMAC, JJ., concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution
[1] Although the record before this court includes portions of the insurance policy at issue, it does not appear to contain the entire policy. Neither party, however, has assigned error based upon omissions of portions of the policy, nor does either party object to the accuracy of the policy language quoted within the trial court's decision. We rely upon the language as it appears in the trial court's decision.