DECISION
{¶ 1} Plaintiffs-appellants, Charles "Alan" Smith, his wife Annette Smith, and son Adam, appeal an order of the Franklin County Court of Common Pleas which denied their motion for summary judgment and granted a motion for summary judgment in favor of defendant-appellee, Truck Insurance Exchange, a subsidiary of Farmers' Insurance Group, in this action seeking uninsured/underinsured motorist ("UM/UIM") coverage.
 {¶ 2} In 1987, appellants were all severely injured in a head-on vehicular collision caused by uninsured motorist L.B. Towns. After various claims and legal actions were litigated and/or settled, appellants were unable to recover the full amount of damages they sustained. At the time of the accident, appellant Alan Smith worked for SJ Lumber Company, which is owned by his parents, John and Shirley Smith. SJ Lumber had a commercial auto policy with Truck Insurance Exchange providing liability coverage of $500,000 per vehicle, and uninsured motorist coverage in the amount of $500,000, listing four of the five vehicles owned by SJ Lumber as covered vehicles. On the insurance declarations page, "John C. Smith" is listed as a named insured, with "SJ Lumber" and an address listed directly below Smith's name.
 {¶ 3} In August 2001, appellants filed a claim with Farmers Insurance Group, pursuant to Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660, in which appellants claimed that, as an employee of SJ Lumber, Alan Smith could be considered a named insured under the commercial auto policy and was entitled to coverage. In its decision of October 22, 2002, the trial court rejected appellants' argument that Scott-Pontzer served to extend coverage to appellants. The trial court distinguished Scott-Pontzer on the grounds that it was the corporate status of the named insured in that case which produced the ambiguity requiring the insurance contract to be interpreted to extend coverage to the claimant. In contrast, the contract in this case named "John C. Smith" as the insured, with the name "SJ Lumber" being present only because it was part of Smith's address. Moreover, the trial court determined that SJ Lumber is either a sole-proprietorship or a partnership, as opposed to being a corporation. Thus, the court held there can be no ambiguity as to the identity of the named insured, and the contract cannot be interpreted in such a way as to extend coverage to employees while acting outside the scope of their employment.
 {¶ 4} Appellants now assign the following as error:
 {¶ 5} "Assignment of Error No. 1
 {¶ 6} "The trial court erred in granting defendant Truck Insurance Exchange's motion for summary judgment.
 {¶ 7} "Assignment of Error No. 2
 {¶ 8} "The trial court erred in denying plaintiffs' motion for summary judgment."
 {¶ 9} Appellants' assignments of error are related and will be addressed together. Appellant contends that, when a commercial liability policy is issued to both an individual and the name of the business owned by that individual, the policy is issued to a business entity and should be interpreted in such a manner so as to extend coverage to an employee of that business in accordance with the holding in Scott-Pontzer. Thus, appellants argue Alan Smith qualified as an "insured" under the policy, and is entitled to coverage.
 {¶ 10} Appellate review of summary judgment motions is de novo. Helton v. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183.
 {¶ 11} When a motion for summary judgment has been supported by proper evidence, a non-moving party may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing that there is a genuine triable issue. Civ.R. 56(E); Jackson v. Alert Fire Safety Equip., Inc. (1991), 58 Ohio St.3d 48, 52. To establish the existence of a genuine issue of material fact, the non-moving party must do more than simply resist the allegations in the motion. Rather, that party must affirmatively set forth facts which entitle him to relief. Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, 111. If the non-moving party "does not so respond, summary judgment, if appropriate, shall be entered against the party." Civ.R. 56(E).
 {¶ 12} "[I]nsurance contracts must be construed in accordance with the same rules as other written contracts." Hybud Equip. Corp. v. Sphere Drake Ins. Co., Ltd. (1992), 64 Ohio St.3d 657, 665. Words and phrases used in insurance policies "`must be given their natural and commonly accepted meaning, where they in fact possess such meaning, to the end that a reasonable interpretation of the insurance contract consistent with the apparent object and plain intent of the parties may be determined.'" Tomlinson v. Skolnik (1989), 44 Ohio St.3d 11, 12 (quoting Gomolka v. State Auto. Mut. Ins. Co. [1982], 70 Ohio St.2d 166,167-168). Ambiguities in insurance policies should be construed liberally in favor of coverage. Yeager v. Pacific Mut. Life Ins. Co. (1956),166 Ohio St. 71, paragraph one of the syllabus.
 {¶ 13} In Scott-Pontzer, the court interpreted a commercial insurance contract to extend coverage under its UM/UIM clause to an employee of the company, even when the vehicle involved in the accident was not a company-owned vehicle and even when the employee was not in the scope of his employment at the time of the accident. Central to the reasoning of the case was the policy's use of the word "you" in the section describing who is an insured. The policy defined "insured" for the purposes of underinsured motorist coverage as: "1. You. 2. If you are an individual, any family member. 3. Anyone else occupying a covered auto or a temporary substitute for a covered auto." The court held that, because a company is not a person, the "you" must refer to the individual employees of the company. Id. at 664. The court further held that language in the policy restricting coverage to employees acting within the scope of their employment related only to liability coverage and not underinsured motorist coverage. Id. at 666.
 {¶ 14} Addressing facts similar to those in the case at bar, the Third District Court of Appeals has held that, where a declarations page names as the insured a sole proprietorship designated as a named individual "doing business as" a particular business entity, the policy's language is clear and unambiguous and will not be interpreted so as to include in its coverage an employee acting outside the scope of his employment. Reinbolt v. Gloor (Sept. 10, 2001), Henry App. No. 7-01-05, appeal not allowed in (2001), 94 Ohio St.3d 1412. In so holding, the court reasoned, at ¶ 30:
 {¶ 15} "Inasmuch as Ohio law does not recognize a sole proprietorship as a separate legal entity, but as a single individual, no ambiguity arises when the declaration page is read in conjunction with the provisions contemplating coverage for an individual. The named insured is entirely consistent with the definitions of `who is an insured' in both the business auto and umbrella coverage provisions. We therefore find that the intent of the parties is evident from the policy's clear and unambiguous language and will not read into the contract a meaning not contemplated or placed therein by the parties. * * *"
 {¶ 16} Other Ohio appellate districts have agreed with this result. See Herschell v. Rudolph (Apr. 12, 2002), Lake App. No. 2001-L-069; Renter v. Anthony (Jan. 29, 2003), Cuyahoga App. No. 81233.
 {¶ 17} Persuaded by these cases from other Ohio appellate districts, we find the trial court correctly concluded that, as a non-corporate entity, John C. Smith of SJ Lumber was the named insured in the commercial policy issued by Truck Insurance Exchange, and, thus, there was no ambiguity giving rise to a Scott-Pontzer interpretation of the insurance contract. Having so decided, we need not reach the additional issues raised by appellants, which include whether UM/UIM coverage arose by operation of law and whether appellants gave prompt notice of their claim.
 {¶ 18} Appellants' two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
TYACK and KLATT, JJ., concur.